IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**SYNTHES USA SALES, LLC,**

    **Plaintiff,**

vs.                                        Civil No. 10-485 JCH/RLP

**JASON C. SMITH,**

    **Defendant.**

### ORDER

    This matter came before the court for hearing on June 30, 2010 on Plaintiff's Motion for Expedited Discovery [Docket No. 6].  This Motion was filed concurrently with Plaintiff's Motion for Preliminary Injunction. [Docket No. 4].  Hearing on the Motion for Preliminary Injunction has been scheduled by the District Court. [Docket No. 23].

    The court adopts the reasonable or good cause test in considering whether to allow expedited discovery.  <u>In Re Fannie Mae Derivative Litigation</u>, 227 F.R.D. 142, 143 (D.D.C. 2005; <u>Sunflower Elec. Power Corp. v. Sebelius</u>, slip copy, 2009 WL 774349, *2-3 (D. Kan. 2009). The factors considered under that test are:

    1)    Whether a preliminary injunction is pending.

    2)    The breadth of the discovery requests.

    3)    The purpose for requesting the expedited discovery.

    4)    The burden on defendant to comply with the requests.

    5)    How far in advance of the typical discovery process the request was made.

    Prior to the hearing on the Motion for Expedited Discovery, the parties entered into a Stipulation addressing a major portion of the discovery to be undertaken prior to hearing on Plaintiff's

Motion for Preliminary Injunction. [Docket No. 24]. With regard to the discovery covered in the Stipulation, I find that expedited discovery is reasonable, and good cause exists for permitting said discovery.

The only matter remaining is Plaintiff's request that expedited discovery include the following:

> Within five (5) days of receipt of any Request for Inspection and Imaging of Electronic Media, access shall be provided to all such electronic media for inspection and imaging.

I find that Plaintiff has failed to show that this discovery is reasonable at this time. The scope of this discovery is exceedingly broad, covering computers and electronic devices utilized by Defendant and perhaps third parties. No parameters for forensic evaluation of these devices have been offered by Plaintiff. There has been no showing that the information Plaintiff seeks from examination of these devices could not be obtained through other discovery methods.

Accordingly, Plaintiff's Request to inspect and image electronic media is denied.

IT IS SO ORDERED.

_____
Richard L. Puglisi
Chief United States Magistrate Judge